UNITED STATES of America, Plaintiff,

v.

Alejos "Juan" AVALOS, Defendant.

UNITED STATES of America, Plaintiff,

v.

Noel Gurrola MADRID, Jose Roberto Serrano–Contreras, Defendants.

Crim Nos. 90–154–4–FR, 90–207–FR.

United States District Court,
D. Oregon.

Jan. 10, 1991.

Charles H. Turner, U.S. Atty., J. Richard Scruggs, John F. Deits, Asst. U.S. Attys., Portland, Or., for plaintiff.

Gareld Gedrose, Portland, Or., for Alejos "Juan" Avalos.

Mark Bennett Weintraub, Portland, Or., for Noel Gurrola Madrid.

Robert A. Goffredi, Portland, Or., for Jose Roberto Serrano–Contreras.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion of defendants, Noel Gurrola Madrid, Jose Roberto Serrano–Contreras and Alejos "Juan" Avalos, for an order requiring the disclosure of the identities of confidential informants involved in the investigation and prosecution of this case.

## BACKGROUND

In response to the defendants' motion for the disclosure of the identities of confidential informants, the government has stated its intention to disclose the identities of informants numbers 4, 6, 7 and 11 ten days before trial. The defendants contest only the timing of the disclosure and seek the disclosure of the identities of these informants thirty days before trial.

## ANALYSIS AND RULING

In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the United States Supreme Court stated:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628–29.

The affidavit of Special Agent Thomas Walsh substantiates the position taken by the government that the disclosure of the identities of these informants poses a serious threat to the safety of these informants and to the safety of the other informants.

The crimes charged in this case involve a network of individuals who are alleged to have engaged in substantial, dangerous and profitable criminal activity. One of the individuals is a fugitive. The affidavit submitted in support of the search warrant reveals that the informants have provided significant testimony.

Based upon the record, the court finds that it is appropriate for the government to reveal the identities of informants numbers 4, 6, 7 and 11 ten days before trial. This ruling is based upon the court's concern for the safety of these and other informants. Disclosure of the identities of these informants ten days before trial will provide the defendants an adequate opportunity to prepare their defenses.

## CONCLUSION

The defendants' motion requiring the disclosure of the identities of confidential informants is GRANTED; provided, however, that the government shall disclose the identities of informants numbers 4, 6, 7 and 11 ten days before trial.

IT IS SO ORDERED.